**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KETHERN VAUGHN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:16-cv-00815-OLG** |
| | § | |
| **FTS INTERNATIONAL SERVICES, LLC,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

**DEFENDANT FTS INTERNATIONAL SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OPPOSED MOTION TO REMAND AND REQUEST FOR SANCTIONS**

Defendant FTS International Services, LLC ("FTS" or "Defendant") files this Response in Opposition to Plaintiff's Opposed Motion to Remand ("Motion to Remand"), respectfully requesting that the Court deny Plaintiff's Motion, which is baseless, and award sanctions.

## I.
## PROCEDURAL BACKGROUND AND INTRODUCTION

The procedural history on removal is reflected in the removal papers filed with this Court, including the state court docket and all pleadings. In short, Plaintiff filed this lawsuit in the 225th Judicial District Court of Bexar County, Texas, Cause No. 2016-CI-11921, on July 18, 2016. In his Petition, Plaintiff alleges discrimination based on his race/color, hostile work environment and retaliation, citing both state and federal discrimination law. Plaintiff served his Petition on Defendant via its registered agent on July 27, 2016. Defendant filed its state-court answer on August 12, 2016, and took no other action in that court. On August 17, 2016, Defendant timely removed this case well within 30 days after the initial service of citation on Defendant. *See* 28 U.S.C. § 1446(b). This Court has jurisdiction over this action pursuant to 28

U.S.C. § 1331, and removal was proper under 28 U.S.C. §§ 1441(a)-(c), because Plaintiff's claims arise under federal law. Plaintiff does not challenge the existence of a federal question, but erroneously argues that Defendant waived its right to removal by filing a state-court answer, and nothing more. Plaintiff grossly misinterprets the law in this regard and fails to recognize the rule contemplates the filing of an answer before removal occurs, at the party's discretion. Defendant did not waive its right to removal and took no action indicating any intent to litigate the merits of Plaintiff's claims in state court. Plaintiff's mischaracterization of case law is sufficiently misleading to conclude the Motion to Remand is frivolous. Accordingly, Plaintiff's motion to remand should be denied, and Defendant should be awarded its fees and costs in having to respond.

## II.
## ARGUMENT AND AUTHORITIES

### A. Federal Question Jurisdiction Exists on the Face of Plaintiff's Complaint Because Plaintiff Asserts Claims under Title VII of the Civil Rights Act Of 1964.

It is undisputed that this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441(a)-(c). *See, e.g., Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002) (stating "[w]hen a plaintiff brings ... a discrimination action under Title VII, ... the district court has jurisdiction to decide the case"). Plaintiff asserts claims under the laws of the United States, namely, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and therefore raises a federal question. *See Plf.'s Pet.* ¶¶1, 19-36. In addition, this Court has supplemental jurisdiction over Plaintiff's state law discrimination claims pursuant to 28 U.S.C. § 1367, because they arise out of the same alleged facts from Plaintiff's employment with Defendant and are so related to the federal claim that they form part of the same case or controversy. Indeed, Plaintiff does not dispute that federal question jurisdiction

exists. Plaintiff instead makes the unpersuasive and legally-unsupported argument that Defendant "waived" its right to removal by removing the case five days after submitting its standard general denial with defenses in state court. Plaintiff's stance is simply not the law, and his motion to remand should be denied.

**B. Defendant Removal is Proper under Federal Law.**

1. Defendant Did Not Waive its Right to Removal.

The Fifth Circuit has made clear that "[a] waiver of the right of removal must be clear and unequivocal. In general, the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989) (internal quotations and citations omitted). Defendant's actions in state court do not rise to this level because it did not take any ***substantial defensive*** action in the state court before petitioning for removal. *See, e.g., Beighley* at 782; *McCoy v. Exhibitgroup/Giltspur, Inc.*, No. 3:03-CV-3050-P, 2004 U.S. Dist. LEXIS 12566, at *12-13 (N.D. Tex. 2004).

Merely filing an answer does not waive the right of removal. *Warner v. Crum & Forster Commercial Ins. Co.*, 839 F. Supp. 436, 430-40 (N.D. Tex. 1993) (holding that "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits."); *Ortiz v. Brownsville Indep. Sch. Dist.*, 257 F. Supp. 2d 885, 890 (S.D. Tex. 2003); *Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000); *Landry v. Cross Country Bank*, 431 F. Supp. 2d 682, 687 (S.D. Tex. 2003); *Buggs v. GMAC Mortg., L.L.C.*, No. 4:11CV641, 2012 U.S. Dist. LEXIS 23819, at *17 (E.D. Tex. 2012); *Labry v. IRS*, 940 F. Supp. 148, 149 (E.D. La. 1996); *Gore v. Stenson*, 616 F. Supp. 895, 897 (S.D. Tex. 1984) ("[f]iling of an answer asserting a general denial cannot be deemed experimentation in state court"). Actions that are preliminary and inconclusive in character and which do not actually submit the merits of

a claim for a binding decision do not waive a defendant's right to remove. *Gore*, 616 F. Supp. at 897.

In *Gallo v. M/V Captain John L. Elmotores, Inc.*, the court held that a party waives the right to removal only if it has "experimented" with the state forum and after such experimentation chooses the federal forum as a better option. *Gallo v. M/V Captain John L. Elmotores, Inc.*, 1998 U.S. Dist. LEXIS 15281, at *2-3 (E.D. La. 1998), citing *Carpenter v. Illinois Central Gulf Railroad Co.*, 524 F. Supp. 249, 251 (M.D.La. 1991). For example, in a case where the defendants could have removed the case initially, but chose not to, and for four years litigated the case in state court, filing "answers, amended answers, motions of various kinds, third-party demands, cross-claims, [and] amended cross-claims," the right of removal was waived. *Id.* (citing *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1996)). In the present case, Defendant did not "experiment" with the state court only to choose the federal forum as a better option. Rather, the sole action Defendant took in state court was to file its general denial answer, and then promptly removed the case five days later. Defendant did not file any counter- or cross-claims and did not request any other relief or take any additional action in the state court forum.

In addition to the overwhelming case law, the removal rule itself expressly contemplates that a party can file a state court answer before removal. Federal Rule of Civil Procedure 81(c)(2) states: "[a]fter removal, repleading is unnecessary unless the court orders it. A defendant ***who did not answer*** before removal must answer or present other defenses or objections under these rules…." Therefore, Defendant's action of filing a state court answer, in itself, does not constitute a waiver of its right to removal.

There is no suggestion whatsoever in the record of this case that Defendant intended to waive the right of removal. Accordingly, the Court should deny Plaintiff's Motion to Remand.

2. Plaintiff's Motion to Remand Misleads the Court.

Plaintiff brashly mischaracterizes the cases cited in support of his argument that Defendant's state-court answer precludes removal. None of the cited cases provides any legal or factual support for Plaintiff's contention that Defendant's actions constitute a clear and equivocal waiver of its right to removal, and most of the cases he cites do not even cover the same issue or facts. Plaintiff even relies on an 1892 case involving removal procedures that do not exist today and, even then, the filing of the defendant's answer was not at issue in that case. *See In Tex. & P. R. Co. v. Bloom*, 85 Tex. 279, 284, 20 S.W. 133, 135 (1892).

Contrary to Plaintiff's reliance on *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 390, 118 S.Ct. 2047 (1998), the United States Supreme Court did ***not*** hold, as Plaintiff claims, that "if a defendant had answered in the state proceeding before removal than the defendant lost his right to remove." In setting the standard of review, the Court held only that, "for purposes of removal jurisdiction, [the court is] to look at the case as of the time it was filed in state court -- prior to the time the defendants filed their answer in federal court." The case is simply not pertinent to the argument Plaintiff is advancing.

In *Texas Wool & Mohair Marketing Ass'n v. Standard Acc. Inc. Co.*, 175 F.2d 835, 838 (5th Cir. 1949), the Court held that the third-party defendant, who asserted a contingent claim for judgment against the plaintiff in state court, did not have the right to removal in the first place, and even if it did, it waived its right to remove because it asserted a surety ship claim against the plaintiff. Again, the case holding does not support the proposition that merely filing an answer waives a party's right to removal.

In *Toliver v. Dallas Fort Worth Hosp. Council*, 198 S.W.3d 444, 447 (5th Cir. 2006), in a completely unrelated and opposite fact pattern than that at issue here, the court rejected the

plaintiff's argument that the defendant could not file a motion to transfer venue after the matter had been removed to federal court and subsequently remanded. Plaintiff incredulously attempts to suggest that the Court's decision on a state procedural issue following remand somehow supports his argument that filing an answer waives removal.

In *HBA E. Ltd. v. Jea Boxing Co.*, 796 S.W.2d 534, 538 (Tex. App.—Houston [1st Dist.] 1990), the Court held that "[u]nder the federal statute, removal occurs when the proper filings are done in the federal district court and state court. If the removal procedure is defective, or if the federal district court lacks subject matter jurisdiction, the remedy is remand." Not only does this case not support Plaintiff's position, but it confirms Defendant's removal is, in fact, proper. Defendant timely submitted all filings in federal district and state court. There is no defect in the removal procedure in this case; therefore, remand is not proper.

In *Aqualon v. Mac Equipment Inc.*, 149 F.3d 262, 264 (4th Cir. 1998), the Court cited the holding in *Grubb v. Donegal Mut. Ins. Co.*, which stated: "although a defendant may yet waive its 30-day right to removal … by demonstrating a 'clear and unequivocal' intent to remain in state court, **such a waiver should only be found in 'extreme situations**.'" *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991) (emphasis added). Defendant, by contrast, has clearly indicated its desire to seek the federal forum and the Court holding does not support Plaintiff's claim that filing a general denial with affirmatives defenses rises to the same level as submitting cross-claims and counterclaims before removal.

Accordingly, not one of the cases relied on by Plaintiff supports the proposition that filing an answer in state court constitutes waiver of a party's right to remove a case to federal court. It is difficult to conclude that Plaintiff, in good faith, would believe the case law he cites warrants the filing of his motion to remand.

## III.
## REQUEST FOR SANCTIONS ON GROUNDS THAT MOTION IS FRIVOLOUS

Plaintiff's Motion to Remand is frivolous and violates Rule 11(b) because it contains legal contentions that are not warranted by existing law or by a good-faith argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(b)(2); *Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1153 (9th Cir. 2002); *Zuk v. E. Pa. Psychiatric Inst., 103 F.3d 294*, 299 (3d Cir. 1996). Specifically, there appear to be no reported cases in this circuit finding waiver based on such limited, non-dispositive activity. The cases cited and arguments made by Plaintiff in support of his motion to remand are disingenuous and fail entirely to make a good-faith argument for remand. On this basis, the Court may impose sanctions on Plaintiff and/or his attorneys. Fed. R. Civ. P. 11(b)(2)-(4), (c)(1).

Defendant respectfully requests that Plaintiff's Motion to Remand be struck from the record and Plaintiff and/or his attorneys be required to pay Defendant's reasonable attorneys' fees and expenses for preparing this Response. The requested sanctions are sufficient to deter repetition of sanctionable conduct. Fed. R. Civ. P. 11(c)(4); see *Fries v. Helsper*, 146 F.3d 452, 458-59 (7th Cir. 1998).

## IV.
## CONCLUSION

For the foregoing reasons, Defendant prays that Plaintiff's Motion to Remand be denied, Defendant's request for sanctions be granted, and for such other and further relief to which it may be entitled. A proposed Order granting the relief requested is submitted herewith.

Respectfully submitted,

*/s/Jana S. Baker*

Jana S. Baker
Texas Bar No. 00794610
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
jana.baker@ogletreedeakins.com
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: (214) 987-3800
Facsimile: (214) 987-3927

Tiffany L. Cox
Texas Bar No. 24050734
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
tiffany.cox@ogletreedeakins.com
112 East Pecan Street
2700 Weston Centre
San Antonio, Texas 78205
Telephone: (210) 354-1300
Facsimile: (210) 277-2702

Ryan M. Miller
Texas Bar No. 24070281
**FTS INTERNATIONAL SERVICES, LLC**
ryan.miller2@ftsi.com
777 Main Street, Suite 3000
Fort Worth, TX 76102
Telephone: 817-339-3696

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on September 22, 2016, a true and correct copy of this response was forwarded via ECF notification, to the following:

Carlos A. Solis
Derek Hilley
HILLEY & SOLIS LAW, PLLC
310 S. St. Mary's St., Suite 2900
San Antonio, Texas 78205

*/s/Jana S. Baker*
Jana S. Baker

26276850.1